**FILED** _JH_

J N
FEB 2 0 2007
Feb. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT ~~~~

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID W. TIPTON,            )
                                      )
             Plaintiff,      )
                                      )
v.                                 )
                                      )
ILLINOIS CENTRAL RAILROAD COMPANY   )
d/b/a CANADIAN NATIONAL/ILLINOIS     )
CENTRAL, a corporation.            )
                                      )
             Defendant.     )

07cv965
JUDGE GOTTSCHALL
MAG. JUDGE DENLOW

Trial By Jury Demanded

## COMPLAINT AND JURY DEMAND

The Plaintiff, David W. Tipton, by his attorneys, Robert B. Thompson and

Laurence C. Acker of Harrington, Thompson, Acker & Harrington, Ltd., complaining of

Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central, a

corporation states:

1.     Jurisdiction of this court is invoked under the provisions of Title 45 U.S.C.

§ 56 and Title 28 U.S.C. § 1331.

2.     On or about June 15, 2004, and for some time prior thereto, the

Defendant was a corporation duly existing according to law to engage in, and was at all

times mentioned herein, engaged in interstate commerce in doing business as a

common railroad carrier in the state of Illinois and other states of the United States.

3.     On or about June 15, 2004, and at all times mentioned herein, Defendant

maintained offices, buildings, tracks and yards in Homewood, Illinois.

4.     On or about June 15, 2004, and at all times mentioned herein, the Plaintiff was employed by Defendant as a machinist in Homewood, Illinois and working in interstate commerce.

5.     This action arises under, and the rights and liabilities of the parties to this cause of action are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51 et. seq.

6.     Venue for this cause of action exists in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b).

7.     The Defendant is subject to service of process and to the jurisdiction of this Court.

8.     At all pertinent times, Defendant owned, maintained and used as part of its railroad system the Woodcrest locomotive shops located in Homewood, Illinois.

9.     That on or about June 15, 2004, Plaintiff was injured while working for Defendant at Defendant's Woodcrest locomotive shops located at or near Homewood, Illinois.

10.     At the time and place aforesaid, Plaintiff was assigned the job of removing "crab studs" from locomotive unit WC 7528.

11.     In order to perform the aforesaid assignment, Plaintiff was required to use a heavy spline impact gun which was difficult for one man to operate when said tool had to be held up for any period of time.

12.     In order to remove the "crab studs" from locomotive unit, WC 7528, Plaintiff was required to hold the spline impact gun in an awkward position wherein it

2

was necessary to extend his arms outward in an unreasonable and awkward position for an unreasonable period of time.

13.    At the time and place aforesaid, Defendant had other equipment available and other methods of operation at its disposal which would not have required Plaintiff to hold the aforesaid spline impact gun in an extended and awkward position for an unreasonable period of time.

14.    At the time and place aforesaid, as Plaintiff was operating the aforesaid spline impact gun in an extended and awkward position for an unreasonable period of time, Plaintiff was caused to sustain serious injury to his right shoulder.

15.    Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of Defendant's business.

16.    At the time and place aforesaid, it was the duty of Defendant to furnish Plaintiff with a reasonably safe place to work and to use reasonably safe methods in its engine maintenance operations; to refrain from requiring Plaintiff to perform his assigned work in a makeshift, substandard, non-conforming manner; to furnish the necessary tools and equipment to allow Plaintiff to complete his assigned task; to furnish sufficient and adequate manpower to complete the assigned task and to warn Plaintiff to avert injury to him at said time and place.

17.    Defendant, at the time and place alleged, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby caused injury to Plaintiff:

a)    In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

3

b)   In failing to exercise ordinary care to use reasonably safe methods in its operation;

c)   In requiring Plaintiff to perform his work in a makeshift, sub-standard, non-conforming manner when it knew or should have known and foreseen that Plaintiff would be subjected to jeopardy of injury;

d)   In requiring Plaintiff to perform his assigned job without adequate help or equipment when it knew or should have known and foreseen that he would be subjected to jeopardy of injury;

e)   In failing to provide Plaintiff with the adequate and necessary equipment to perform his assigned task in a reasonably safe manner;

f)   In failing to adopt, install, implement and enforce a safe method and procedure for the removal of "crab studs" from locomotive units;

g)   In failing to warn Plaintiff when timely warning would have averted injury to him.

18.   At the time and place aforesaid, the Plaintiff, David W. Tipton, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations by the Defendant of the Federal Employers' Liability Act, as alleged herein.

Wherefore, the Plaintiff seeks judgement in an amount sufficient to satisfy the jurisdiction limitations of this Court, plus whatever amount the Court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damage as permitted by law.

4

Respectfully Submitted,

Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III
Harrington, Thompson, Acker & Harrington, Ltd.
180 N. Wacker Drive, 3rd Floor, Chicago, IL 60606
Chicago, Illinois 60606
312/332-8811
312/332-2027 (fax)
Attorneys for Plaintiff

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID W. TIPTON,                              )
                                             )
            Plaintiff,                        )     Case No.
                                             )
v.                                            )     Trial By Jury Demanded
                                             )
ILLINOIS CENTRAL RAILROAD COMPANY             )
d/b/a CANADIAN NATIONAL/ILLINOIS              )
CENTRAL, a corporation.                       )
                                             )
            Defendant.                        )

## JURY DEMAND

The Plaintiff, David W. Tipton, by his attorneys Harrington, Thompson, Acker &

Harrington, Ltd., hereby demands trial by jury.


Respectfully Submitted,


Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III
Harrington, Thompson, Acker & Harrington, Ltd.
180 N. Wacker Drive, 3rd Floor, Chicago, IL 60606
Chicago, Illinois 60606
312/332-8811
312/332-2027 (fax)
Attorneys for Plaintiff

6